**ORDERED in the Southern District of Florida on November 3, 2026.**

**Scott M. Grossman, Chief Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

APRIL L. YOUNG, Case No. 26-15432-SMG

Debtor. Chapter 13
______________________________/

**ORDER (I) DENYING (A) CONFIRMATION OF FIRST AMENDED CHAPTER 13 PLAN, (B) DEBTOR'S REQUEST TO DISALLOW THE ARREARAGE PORTION OF CLAIM NO. 1-2, (C) DEBTOR'S MOTION STATEMENT OF DISAGREEMENT, REQUEST TO DISALLOW DISPUTED PREPETITION ARREARS, AND REQUEST FOR LEAVE TO CORRECT PLAN AND SCHEDULES, (D) DEBTOR'S MOTION TO EXTEND TIME TO FILE AMENDED CHAPTER 13 PLAN, AND (II) DISMISSING CHAPTER 13 CASE**

April L. Young – representing herself – filed this chapter 13 bankruptcy case on April 29, 2026.[1] In a chapter 13 case, an individual debtor must propose a plan to

[1] Dkt. No. 1.

repay her debts from her future earnings or income.[2] There are a number of requirements for a chapter 13 plan to be approved – or "confirmed" – by the court. These requirements include making a proposal to repay secured claims – claims for which a borrower has granted the creditor a lien (for example, a mortgage) as security for repayment – in the manner required by the Bankruptcy Code. Specifically, when a debtor seeks to repay a secured claim through a chapter 13 plan, the Bankruptcy Code gives her only three options:

- get the creditor to agree to the debtor's proposal;
- surrender to the creditor the property securing the claim; or
- provide for the creditor to retain its lien and for the debtor to make to the creditor monthly payments that have a value on the effective date of the plan of not less than the amount of the creditor's claim.[3]

The Court has given Ms. Young at least four opportunities to propose a chapter 13 plan that complies with these (and other) requirements of the Bankruptcy Code, but she has repeatedly failed to do so. For the reasons discussed below, the Court is therefore denying confirmation of her first amended plan and dismissing her case.

## I. THE ORIGINAL PLAN.

As required by 11 U.S.C. § 1321 and Federal Rule of Bankruptcy Procedure 3015(b)(1), Ms. Young timely filed a chapter 13 plan on May 13, 2026.[4] A hearing under 11 U.S.C. § 1324 to consider confirmation of her plan was set for July 16, 2026.[5]

---

[2] *See* 11 U.S.C. § 1322(a)(1) (a chapter 13 plan must "provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan").
[3] *See* 11 U.S.C. § 1325(a)(5); *see also In re Milberg*, 655 B.R. 825, 832-33 (Bankr. S.D. Fla. 2023).
[4] Dkt. No. 18.
[5] Dkt. No. 10.

## II. THE FIRST AMENDED PLAN.

On May 28, 2026, Ms. Young then filed a first amended plan.[6] Her first amended plan provided for payments of $480 per month for 60 months.[7] In the section of her first amended plan providing for the treatment of secured claims, she checked the box labeled "none."[8] Below that, however, she listed "NewRez LLC dba Shellpoint Mortgage Servicing," as a secured creditor.[9] But her plan did not provide for any payments to NewRez.[10] On the line in her plan for the amount of the "Arrearage/Payoff on Petition Date," she stated "*TBD upon filed proof of claim, standing accounting escrow and related objection. *Disputed subject to proof of claim standing accounting escrow and related objections."[11] Her first amended plan also listed a $26,000 federal income tax liability[12] but made no provision for payment of this priority tax claim.[13] And at the end of her plan, Ms. Young again made clear that she disputed NewRez's claim.[14]

On June 8, 2026, NewRez timely objected to confirmation of Ms. Young's first amended plan because the plan failed to provide the required treatment for New Rez's

[6] Dkt. No. 27.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.* The IRS's original claim was for $26,798. *See* Claim No. 1-1. But on October 2, 2026, the IRS amended its claim to assert a $32,102.05 claim, of which it asserts $17,308.88 is entitled to priority status and $14,793.17 is a general unsecured claim. *See* Claim No. 1-2. The IRS's amended proof of claim further notes that it estimated a portion of its claim because Ms. Young had not filed her 2021 or 2022 federal income tax returns. *See id.*
[13] Under 11 U.S.C. § 507(a)(8), certain tax claims are entitled to priority, such that they must be paid in full before general unsecured creditors can receive any distribution in a bankruptcy case. In chapter 13 cases, this statutory mandate is implemented by 11 U.S.C. § 1322(a)(2), which requires a chapter 13 plan to provide for full payment, in deferred cash payments, of all priority claims.
[14] Dkt. No. 27.

secured claim.[15] As noted above, under 11 U.S.C. § 1325(a)(5), there are only three permissible treatments of a secured creditor's claim in a chapter 13 plan:

> (A) the creditor accepts the treatment proposed by the debtor;
>
> (B) the creditor retains its lien and receives equal monthly payments under the plan with a value on the effective date of the plan of not less than the amount of the claim; or
>
> (C) the debtor surrenders to the creditor the property securing the claim.[16]

Ms. Young's first amended plan did not propose to surrender to NewRez the property securing its claim, so the plan did not satisfy subsection (C). And NewRez does not accept the treatment of its claim that Ms. Young proposed,[17] so the first amended plan does not satisfy subsection (A). Thus, to be confirmable Ms. Young's first amended plan had to comply with subsection (B), which required the plan to provide that NewRez would retain its lien and receive equal monthly payments with a value as of the plan's effective date of not less than the amount of NewRez's claim.[18]

In addition, as NewRez noted in its objection, chapter 13 permits a debtor who is behind on her mortgage payments to "cure" – or repay – those past-due amounts through her chapter 13 plan. [19] Ms. Young's plan, however, made no provision to cure her prepetition default on her mortgage loan. Because her plan failed to provide for any payments at all to NewRez – neither the current mortgage payment nor the

[15] Dkt. No. 31.
[16] *See* 11 U.S.C. § 1325(a)(5); *see also Milberg*, 655 B.R. at 832-33.
[17] *See* Dkt. No. 31.
[18] 11 U.S.C. § 1325(a)(5)(B).
[19] *See* 11 U.S.C. § 1322(b)(3).

prepetition arrearage – her first amended plan did not comply with 11 U.S.C. § 1325(a)(5)(B) and could not be confirmed as filed.

## III. NEWREZ'S PROOF OF CLAIM.

On July 8, 2026, NewRez timely filed a proof of claim asserting a $343,552.07 secured claim.[20] Of this amount, NewRez asserts that the amount necessary to cure the prepetition default is $182,670.44.[21] Its proof of claim further asserts that the regular mortgage payment is $1,728.64 per month.[22] Based on this proof of claim, to satisfy the requirements of 11 U.S.C. § 1325(a)(5)(B) Ms. Young had to propose a chapter 13 plan that both cured the $182,670.44 pre-petition default and provided for her to continue paying her $1,728.64 regular monthly mortgage payment.[23]

## IV. THE FIRST CONFIRMATION HEARING: JULY 16, 2026.

In advance of the July 16, 2026 confirmation hearing, Ms. Young filed a *Motion to Preserve Property Rights, Maintain Status Quo, Preserve Debtor's Ability to Cure Through Chapter 13, Reserve Claim and Standing Objections, Preserve Appellate and Related Rights, and Request Evidentiary Hearing If Necessary*,[24] which motion was also set for hearing on July 16, 2026.[25] Ms. Young failed to appear at the hearing to prosecute that motion, but NewRez – which had filed a timely objection[26] – did appear

[20] Claim No. 2-1. Under 11 U.S.C. § 502, a properly and timely filed proof of claim is deemed allowed, unless a party in interest objects.
[21] Claim No. 2-1, at p. 2.
[22] This amount consists of $1,024.40 in principal and interest, $595.43 in escrow, and $108.81 for private mortgage insurance. *Id.* at p. 4.
[23] *See* 11 U.S.C. § 1322(b)(5) (a plan may provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending).
[24] Dkt. No. 32.
[25] Dkt. No. 34.
[26] Dkt. No. 45.

and argued in opposition to the motion. The Court then determined that the motion stated no cognizable claim for relief and therefore denied it.[27] Although Ms. Young failed to appear at the hearing, the trustee agreed to continue the confirmation hearing to August 13, 2026[28] to afford Ms. Young an opportunity to present a confirmable plan.

## V. THE SECOND CONFIRMATION HEARING: AUGUST 13, 2026.

At the August 13 confirmation hearing, the trustee informed the Court that Ms. Young had failed to attend her originally scheduled section 341 meeting of creditors,[29] and that when Ms. Young did appear at the continued meeting, she initially had failed to produce to the trustee an acceptable form of identification required to prove a debtor's identity.[30] The trustee also noted on the record numerous deficiencies with respect to the first amended plan, including that it had never been served on Ms. Young's creditors.[31] To give Ms. Young a chance to cure these and other deficiencies, the Court again continued the confirmation hearing for another month to September 10, 2026.[32]

[27] Dkt. No. 57. Ms. Young has since appealed that order. Dkt. No. 65.
[28] Dkt. No. 42.
[29] *See* 11 U.S.C. § 343 (requiring the debtor to appear and submit to examination under oath at the meeting of creditors under 11 U.S.C. § 341(a)).
[30] *See* Fed. R. Bankr. P. 4002(b)(1)(A) (requiring an individual debtor to bring to the § 341 meeting "a government-issued identification with the debtor's picture, or other personal information that establishes the debtor's identity").
[31] *See* Fed. R. Bankr. P. 3015(d) (requiring the debtor to serve the plan on the trustee and creditors).
[32] Dkt. No. 72.

## VI. THE THIRD CONFIRMATION HEARING: SEPTEMBER 10, 2026.

By the time of her continued confirmation hearing on September 10, 2026, Ms. Young still had not filed a second amended chapter 13 plan.[33] At this point, the trustee recommended against confirmation on several bases, including that the plan was not feasible[34] and that based on NewRez's proof of claim, as of the September 10, 2026 confirmation hearing, Ms. Young would need over $4,000 to bring her plan current. NewRez likewise continued to object to confirmation for the reasons it previously asserted.

Recognizing that the crux of Ms. Young's case appeared to be her disagreement with NewRez's claim, the Court suggested to Ms. Young that she review the Court's 2023 decision in *In re Milberg*,[35] which had similar facts. In *Milberg*, the Court explained that:

> Under Bankruptcy Code section 502(a), a properly and timely filed proof of claim is deemed allowed, unless a party in interest objects. If a party objects, the Court is then required to determine the amount of the claim and (subject to certain exceptions not applicable here) allow the claim in the amount determined. So while [the debtor] has objected to [the secured creditor's] claim, that objection has not yet been resolved and under section 502(a), the claim is deemed allowed unless and until the Court determines that it should be disallowed or allowed in a different amount. In the meantime, [the debtor] must provide for payment of the secured claim in her plan. "A pending objection does not allow a chapter 13 debtor to ignore the Code's requirements for plan treatment of secured claims." While [the debtor] certainly has the right to object to a proof of claim, the notice and hearing procedures for resolution of a claim objection mandated by section 502 "are separate and apart from the plan confirmation process, [and] do not authorize debtors to change

[33] *See* Local Rule 3015-1(c)(1) ("To be considered at a scheduled confirmation hearing, an amended chapter 13 plan must be filed and served at least 14 days before the hearing.").
[34] *See* 11 U.S.C. § 1325(a)(6) (among other requirements to confirm a chapter 13 plan, the Court must find that "the debtor will be able to make all payments under the plan and to comply with the plan").
[35] 655 B.R. 825.

> the amount or reclassify a debt in their chapter 13 plan which was set forth in a properly filed proof of claim."[36]

Thus, the Court explained to Ms. Young that although she may dispute NewRez's claim, to confirm a chapter 13 plan she must nevertheless provide for payment of that claim as set forth in NewRez's proof of claim – and satisfy the other confirmation requirements – and only proceed to litigate over the merits of NewRez's claim afterward.[37] If her objection gets resolved in her favor, her plan could then be modified and any funds paid reallocated as necessary based on resolution of the claim objection.[38] What she cannot do, however – as the Court explained in *Milberg* – is propose a plan that does not provide for payment of a secured creditor's claim just because she disputes that claim.[39] The Court then agreed to give Ms. Young one more opportunity to cure these deficiencies by proposing a second amended chapter 13 plan that was confirmable, and continued the confirmation to October 15, 2026.[40]

## VII. THE FOURTH CONFIRMATION HEARING: OCTOBER 15, 2026.

Ms. Young once again did not file any second amended plan before the continued October 15, 2026 confirmation hearing.[41] The trustee again recommended against confirmation based on – among other reasons – (1) feasibility, (2) failure to provide for NewRez's secured claim in accordance with section 1325(a)(6), and (3) failure to remain current on even the $480 monthly payments provided for in her

[36] *Id.* at 833–34 (internal citations omitted).
[37] *Id.* at 834.
[38] *Id.*; *see also* 11 U.S.C. § 1329.
[39] *Milberg*, 655 B.R. at 833-34.
[40] Dkt. No. 86.
[41] On September 24, 2026, however, she did file an objection to NewRez's claim. Dkt. No. 83.

first amended plan.[42] NewRez likewise continued to object to confirmation with respect to the treatment of its secured claim. After hearing from Ms. Young, the trustee, and counsel for NewRez – and with Ms. Young having been given multiple opportunities to amend her plan – the Court denied confirmation and announced that it would be dismissing the case.[43]

After the Court announced its ruling – but before it had entered a dismissal order – Ms. Young filed *Debtor's Request to Disallow the Arrearage Portion of Claim No. 1-2*,[44] *Debtor's Motion Statement of Disagreement, Request to Disallow Disputed Prepetition Arrears, and Request for Leave to Correct Plan and Schedules*,[45] and *Debtor's Motion to Extend Time to File Amended Chapter 13 Plan*.[46] These filings, however, do not alter the Court's conclusion that confirmation of her first amended plan must be denied and that her case must be dismissed. For the reasons discussed in *Milberg*, the Court cannot disallow a portion of NewRez's claim for confirmation purposes until the claim objection is resolved.[47] At this point – with this case having been filed on April 29, 2026, and Ms. Young having failed to file and confirm a chapter

[42] 11 U.S.C. § 1326(a)(1) requires a debtor to commence making monthly plan payments not later than 30 days after the original plan had been filed. Ms. Young filed her original plan on May 13, 2026. Dkt. No. 18. So as of October 15, 2026, five plan payments would have been due, and according to the trustee, Ms. Young was delinquent on two payments of $480 each, putting her $960 behind in total.
[43] *See* 11 U.S.C. § 1307(c)(5) (cause for dismissal includes denial of confirmation of a plan and denial of a request for additional time to amend the plan).
[44] Dkt. No. 88.
[45] Dkt. No. 90.
[46] Dkt. No. 91.
[47] 655 B.R. at 833-34.

13 plan despite being given four opportunities to do so – her case must now be dismissed. Accordingly, it is

**ORDERED** that:

1. Confirmation of the *First Amended Chapter 13 Plan*[48] is **DENIED**.

2. This case is **DISMISSED**.

3. All other pending motions, objections, and other requests for relief – including *Debtor's Request to Disallow the Arrearage Portion of Claim No. 1-2*,[49] *Debtor's Motion Statement of Disagreement, Request to Disallow Disputed Prepetition Arrears, and Request for Leave to Correct Plan and Schedules*,[50] and *Debtor's Motion to Extend Time to File Amended Chapter 13 Plan*[51] – are **DENIED as MOOT**.

###

*Copies furnished to all interested parties by Clerk of Court.*

[48] Dkt. No. 27.
[49] Dkt. No. 88.
[50] Dkt. No. 90.
[51] Dkt. No. 91.